UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-mj-344 (BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER OF DETENTION |
| ) | |
| MATTHEW LEE RUPERT, ) | |
| ) | |
| Defendant. | |

This matter came before the Court on June 10, 2020, for a hearing on probable cause and detention. The Defendant ("Mr. Rupert") appeared in custody and was represented by his appointed counsel, Jordan Kushner, Esq. The United States was represented by Assistant United States Attorneys Angela M. Munoz and Jordan L. Sing. The hearing was held via video teleconference ("VTC") due to the COVID-19 pandemic. Mr. Rupert was informed of his right to an in person hearing, and consented to the hearing proceeding by VTC.

On June 1, 2020, Mr. Rupert was charged by criminal complaint. He was arrested and made his initial appearance on June 1, 2020, in the Northern District of Illinois. The United States moved for detention and The Honorable Rebecca R. Pallmeyer preliminarily detained him and ordered him removed to the District of Minnesota. Mr. Rupert made his initial appearance in the District of Minnesota on June 5, 2020, and his detention was continued.

One June 10, 2020, before the previously scheduled June 10, 2020 preliminary and detention hearing, a grand jury returned a three count indictment charging Mr.

Rupert with civil disorder, in violation of Title 18, United States Code, Section 231(a)(3); riot, in violation of Title 18, United States Code, Section 2101(a); and arson, in violation of Title 18, United States Code, Sections 2 and 844(i). *See* 20-cr-104 (NEB/TNL) (D. Minn. June 10, 2020). The June 10, 2020 indictment in *United States v. Matthew Lee Rupert*, 20-cr-104 (NEB/TNL) rendered moot the preliminary hearing for the complaint in this matter.

At the detention hearing, the United States introduced Government Exhibits 1–8, and 10-12. Mr. Rupert introduced Defendant Exhibits 1-7, and provided the Court with four declarations from Mr. Rupert's family and friends. Counsel for both parties presented arguments related to detention. The Northern District of Illinois Pretrial Services previously prepared a bond report, which recommended that Mr. Rupert be detained pending trial. The District of Minnesota Pretrial Services relied on this bond report to recommend pretrial detention at the June 10 hearing.

After considering the Pretrial Services report, the parties' exhibits, the four declarations submitted by the Defendant from his family and friends, the arguments of counsel, the serious nature of the current charges, the fact that arson creates a rebuttable presumption in favor of detention (18 U.S.C. § 3142(e)(3)(C)), and the factors listed in 18 U.S.C. § 3142(g), the Court concludes as follows. Although Mr. Rupert successfully rebutted the presumption of detention with respect to risk of flight, the United States met its burden to show: (a) by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Rupert's appearance as required at future court proceedings, and (b) by

clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Accordingly, the Court grants the United States' motion for detention.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Mr. Rupert is charged by indictment with three counts: (a) civil disorder, in violation of Title 18, United States Code, Section 231(a)(3); (b) riot, in violation of Title 18, United States Code, Section 2101(a); and (c) arson, in violation of Title 18, United States Code, Sections 2 and 844(i) The arson count carries a five year mandatory minimum sentence with a 20 year maximum sentence.

2. The facts and circumstances of the crimes with which Mr. Rupert is charged are serious. It is alleged that on or about May 29, 2020, Mr. Rupert traveled from Illinois to Minnesota with intent to, among other things, promote, encourage, and participate in a riot. While in the District of Minnesota, Mr. Rupert is alleged to have knowingly obstructed, impeded, and interfered with law enforcement incident to and during the commission of a civil disorder. Mr. Rupert is alleged to have possessed and encouraged others to throw his explosive devices at law enforcement officers responding to public protests. Finally, Mr. Rupert is charged with aiding and abetting an arson at the Sprint Store located at 3009 Nicollet Avenue in Minneapolis, Minnesota. The alleged arson constitutes a crime of violence.

3. The bond report indicates that Mr. Rupert has numerous prior misdemeanor and felony criminal convictions, including several convictions for resisting arrest and threatening public officials. Mr. Rupert also has a prior felony

conviction for unlawful possession of a weapon by a felon, multiple convictions for domestic battery and physical contact, multiple felony-level theft convictions, and multiple possession of narcotics convictions.

4. The bond report indicates that Mr. Rupert previously failed to appear in court in the county where he lives on five occasions and failed to appear in court in a neighboring county on one occasion.

5. A federal search warrant was executed on June 1, 2020, at the residence Mr. Rupert shares with his mother in Galesburg, Illinois. Law enforcement seized numerous weapons, apparent drug paraphernalia, and explosive devices from Mr. Rupert's residence.

6. Mr. Rupert does not have any connection to the State of Minnesota. Mr. Rupert requested to be released under supervision conditions to the residence he shares with his mother in Galesburg, Illinois. The Court finds that Mr. Rupert rebutted the presumption with respect to his nonappearance due to his family connections and the reported need to assist in the care of his mother. The government, however, has established by a preponderance of the evidence that Mr. Rupert remains a risk of flight due to the seriousness of the charges, the nature of the consequences that Mr. Rupert faces if convicted, including a five year mandatory minimum term of imprisonment for the arson charge, and his previous failures to appear in local criminal matters in Illinois.

7. The Court finds that Mr. Rupert did not rebut the presumption with respect to the safety of the community.

8. Based on the Pretrial Services bond report, the arguments of counsel, the serious nature of the pending charges, the weight of the evidence, Mr. Rupert's criminal history involving violence, failure to appear, and non-compliance with court-ordered conditions of supervision, and considering the factors outlined in 18 U.S.C. § 3142(g), no condition or combination of conditions will reasonably assure Mr. Rupert's appearance as required for future proceedings, or the safety of the community should he be released pending trial. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention).

## CONCLUSION

Based on the evidence and record, the Court finds that no condition or combination of conditions will reasonably assure Mr. Rupert's appearance as required for future proceedings, or the safety of the community should he be released pending trial.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention is **GRANTED**;

2. The Defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated: June 12, 2020.

Hildy Bowbeer
United States Magistrate Judge